FILED

12/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0523

# SYNOPSIS OF THE CASE

**2020 MT 317**, DA 19-0523: **SUSAN HENSLEY,** Petitioner v. **MONTANA STATE FUND,** Respondent.[1]

In a divided opinion, the Montana Supreme Court upheld a workers' compensation statute that denies impairment benefits to workers whose injury results in no permanent wage loss and places them in a "Class 1" impairment as determined by a new edition of guidelines issued by the American Medical Association. The law, passed in 2011, changed the rule that previously allowed all workers with any functional impact from the injury to receive an "impairment-only" award.

Susan Hensley, who injured her shoulder at work in 2012 and received medical and wage-loss benefits while she was recovering, later returned to work at a higher rate of pay with an overall 4% whole-person impairment rating designated as Class 1 under the AMA *Guides*. She challenged the statute that denied her an impairment award, claiming that it violated her constitutional right to equal protection of the law because other workers with different injuries but the same whole-person impairment percentage would receive such an award. The Workers' Compensation Court denied her challenge.

The Supreme Court affirmed that ruling. Three members concluded that the purpose of the law was to compensate workers based on functional loss from their injury. Neither the previously used whole-person impairment percentage nor the new Class designation provides an air-tight formula for expressing a person's level of functional impact from an injury. The Legislature has the constitutional authority to define the rules for an impairment award as long as the distinction is not arbitrary. It was rational for the Legislature to allow such an award only when a worker's injury—as determined by the AMA *Guides*—affects her ability to engage in "normal activity" without symptoms. This was a decision about public policy clearly of the sort better suited to the halls of the legislature than to the courts.

In a dissent joined by Justice Gustafson and Judge Jessica Fehr (sitting for Justice McKinnon, who recused herself from the case), Justice Sandefur noted that the Workers' Compensation Act is fundamentally a *quid pro quo* that deprives workers of the right to sue employers for full compensation for work-related injuries in return for some degree of lesser but guaranteed no-fault compensation, capped at reasonable and predictable cost to employers as determined by the Legislature. Based on our prior holdings that categorical exclusions of work-comp benefits solely for cost-control without

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

balanced consideration of the other pertinent purposes of the Act violated equal protection, Justice Sandefur asserted that the Legislature's use of the AMA *Guides* to categorically deny one class of injured workers any compensation for work-related injury solely for cost-control, while continuing to compensate others similarly situated, denies equal protection of law to the former in the context of the *quid pro quo* required to maintain the constitutionality of the Act in conformance with the Montana constitutional right to full legal redress for work-related injury.

In a special concurring opinion, Justice Shea agreed that Justice Sandefur had provided a compelling analysis of the statute under the *quid pro quo* framework of the Workers' Compensation Act but declined to adopt his position in this case because Hensley had not made a *quid pro quo* argument, and the Court should not consider it for the first time on appeal when the parties had not made, and the Workers' Compensation Court had not addressed, the argument. Considering the issues presented, he agreed that Hensley had not demonstrated the statute denied her right to equal protection.

In a separate dissent, Justice Gustafson expressed the opinion that the change in the statute had no legitimate objective because it was based purely on containing costs, which the Court has long held cannot supply a constitutionally sound basis for discriminating between similarly situated workers. Further, the Legislature's distinction between Class 1 and Class 2 impairments as the threshold for impairment awards was arbitrary because some workers who suffer a permanent functional loss are denied compensation while others with quantifiably identical loss are compensated. Justice Sandefur and Judge Fehr also joined Justice Gustafson's dissent.